IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DAVID B. TURNER BUILDERS  LLC**                    **PLAINTIFFS**
**NEW ENGLAND CONSTRUCTION LLC**
**TIMBER CRAFT HOMES LLC,**

**VS.**                    **CIVIL ACTION NO.** 3:21-cv-309-HTW-LGI

**WEYERHAESER COMPANY,  WEST FRASSER,**           **DEFENDANTS**
 **CANFOR COMPANY, GEORGIA-PACIFIC,**
 **SIERRA PACIFIC INDUSTRIAL,**
 **INTERFOR COMPANY, HAMPTON AFFILIATES, IDAHO FOREST**
 **GROUP, POTLATCH DELTIC, RSG FOREST PRODUCTS**
**JOHN DOE 1-5**
**JOHN DOE COMPANIES 1-5**

_____

**COMPLAINT**
**(Jury Demanded)**

_____

**COMES NOW,**   Plaintiffs' David Turner Properties LLC, New England Construction LLC and Timber Craft Homes LLC, by and through his attorney of record and files this Complaint against all Defendants as captured above for the following: Violation of the Sherman AntiTrust Act act including section 1and 2,  violation of the Robert-Patman Act, Unfair Monopolization of the lumber market, joint monopolization, Conspiracy to monopolize in the lumber market, violation fo the Clayton Antitrust Act, and State Claims of  Predatory Pricing, Price Fixing, Conspiracy in price gouging, negligence in

business fair trading, negligent infliction of emotional distress, Business Interference, strict liability, Product Liability, and breach of Implied Contract.  As such, Plaintiffs will show this honorable Court to wit:

## JURISDICTION AND VENUE

This matter is actionable under the United States Constitution 14th Amendments, Title 42 of the United States Sherman Anti Trust Act § 2, 15 U.S.C.A. § 1 and 2, the U.S. FEDERAL Clayton Act, U.S. and the Robert Patman Act.  Plaintiff's state claims are actionable in this same honorable Court pursuant to 28 U.S.C.§ 1367.

 Venue is proper because a substantial part of the events that caused Plaintiffs' injuries occurred in Madison County Mississippi which is located in the Southern District of Mississippi Northern Division, this District Court's jurisdiction.

## PARTIES TO THE COMPLAINT

1. Plaintiff New England Contractors LLC is a Mississippi Licensed Commercial, Residential Builder, as well as Highways Roads and Bridges with its business address located at 227 E. Pearl Street Jackson, Mississippi 39201.

2. Plaintiff David B. Turner Builders LLC is a licensed Residential Building Construction business with its office located 213 Palmers Court Madison, Mississippi 39110.

3. Plaintiff Timber Craft Homes LLC is a licensed Residential Building Construction Company located at 104 Chantry Lane Madison, Mississippi.

4. Defendant WEYERHAESER Company is a Lumber Company with its home office is located at 220 Occidental Ave. S. Seattle, WA 98104.  This company did not appear on the Mississippi Secretary of State business listing therefore, they may be served pursuantly to F.R.C.P. 4.

5. Defendant WEST FRASSER, is a Canadian Company but has an office located in the United States at1900 Exeter Road, Suite 105 Germantown, TN 38138.  They may be served with process pursuantly to F.R.C.P. 4.

6. Defendant Canfor Company is a Canadian Company but has an office located in the United States at 215 Main Street Fulton, AL 36446. They may be served with process pursuantly to F.R.C.P. 4.

7. Defendant Georgia-Pacific is a foreign company headquartered is at Headquarters 133 Peachtree St. NE Atlanta GA 30303.  This defendant is registered with the Mississippi Secretary of State and may be served with process through its registered agent on file as C.T. Corporation System 645 Lakeland East Drive STE 101 Flowood, MS 39232.

8. Defendant Sierra Pacific Industries is a foreign corporation with its home office located at 19794 RIVERSIDE Avenue Anderson, AC 96007.  This company is shown

as withdrawn by the Mississippi Secretary of State therefore, they may be served with process pursuant to F.R.C.P. 4.

9. Defendant INTERFOR, Company is a foreign Company located out of Canada but does have an affiliate office located at 700 Westpark Drive, Suite 100 Peachtree City, GA USA 30269. They may be served with process pursuantly to F.R.C.P. 4

10. DEFENDANT HAMPTON AFFILAITES, upon information and belief is a foreign corporation with locations globally including China. However, this corporation appears to have a location at 44 Brattle Street, 5th Floor Cambridge, MA 02138, thereby may be served with process through this MA office.

11. Idaho Forest Group is a foreign corporation located at 685 W. Canfield Avenue Coeur d'Alene, ID 83815-5239. This defendant is not registered with the Mississippi Secretary of State and thereby may be served pursuant to F.R.C.P. 4.

12. Defendant POTLATCH DELTIC is a foreign corporation whom is registered with the Mississippi Secretary of state. Their home office address is 601 W 1ST AVE, SUITE 1600 SPOKANE, WA 99201. They may be served with process through United Agent Group, Inc 232 Market Street #1600 Flowood, MS 39232.

13. Defendant RSG FOREST PRODUCTS is a foreign corporation with its office located in 985 Northwest Second Street Kalama, WA 98625. This corporation is registered

with the Mississippi Secretary of State office therefore they may be served pursuant to F.R.C.P. 4.

## 1. STATEMENT OF THE FACTS

14. On or around November 15, 2020 each Plaintiff, while operating their building construction companies were actively engaged in buying and using lumber to construct homes and sometimes buildings. At that time Plaintiffs' noticed that when placing orders for lumber for the new construction as well as remodeling jobs and their sites, the price of lumber had more than tripled the usual market price.

15. Plaintiffs' in doing their due diligence in seeking the lowest and best price to buy the lumber for they respective construction jobs, inquired through each local building supplier located in and around the Jackson, Mississippi Area as well as inquired through national chain stores such as Lowes and Home Depot and thereby discovered that the inflation and rise of the cost of lumber was without notice and began to increase rapidly.

16. Plaintiffs' complaining to these distributors inquired more and upon information and belief the top 10 manufacturers of lumber just decided to what appears to be conspired to increase lumber prices over 100 percent during the COVID-19 pandemic as well as the weather storms that has been prevalent during Plaintiffs construction periods.

17. Plaintiffs avers that a single board like OSB Wafer board which usually cost an approximate $8.00 per sheet rose to an astronomical price of $38.50 per sheet.

Moreover, Plaintiff complains that an average 2 x 4 x 12 pine board that usually cost around $7 dollars is now as high as $15 dollars and there to still rising in cost.

18. Plaintiff contends that each Defendant has used its dominant position in the lumber industry and during COVID-19 to drive up the prices of lumber and force Plaintiffs to pay unreal prices for lumber that was necessary to sustain their business for no legitimate reason other than PROFITS and greed.

19. Plaintiffs avers that there prices to build houses and remodeled were fixed to CONSUMERS whom bought or would have bought their homes, and due to the corporate greed and conspiracy to drive up the lumber prices by these large global companies has caused Plaintiff to lose business, and customers and not to mention to have partially constructed homes sit without being able to afford the promised cost of construction that was interrupted by the bad faith dealings by these conglomerate companies.  In fact, Plaintiff avers that each Defendant likely had to confirm with each other in some capacity because each of these Defendants prices grew at least 10 times the typical cost at the SAME TIME.

20. Plaintiff believes that each these global companies conspired to cause lumber prices to rise to artificially high levels as part of a scheme and plan to drive Plaintiffs' to be unable to afford the lumber and thereby Plaintiffs could not keep their already committed contracts with banks whom approved the loan for construction before the bad acts of these Defendants.  Plaintiffs employees or sub contractors whom entered into agreements to do perform certain construction based on the cost Plaintiffs

figured before November 15, 2020, and certainly the contracts to purchase homes at a cost that was reflective of the pre-price gouging during COVID-19 that has been perpetrated by these Defendants. . As proof of this fact asserted by Plaintiffs' they point to the obvious fact that the practice of all Defendants as a collusion to drive up the cost of lumber during COVID-19, Plaintiff first asserts that there had to be stock already sitting in the possession of each and everyone of these Defendants at the time conspiracy, joint monopoly, and predatory pricing against Plaintiffs, which clearly shows if the material is sitting there, (and that's during low fuel cost)[1] then where and how did such predatory pricing of a market that was not substantially nor materially depleted of raw products[2] and thereby leaving no legitimate reason for such stupendous price increase by all Defendants and at the same time, Plaintiffs avers that such actions by all Defendants simply is not reasonable nor logic. Plaintiff aves that a conversation to perpetrate this fraudulent act upon Plaintiffs for reason stated above, consumers because they are the end purchaser of those goods and during a Pandemic such as COVID-19 and major weather disasters made it impossible for some consumers to hire contractors as Plaintiffs simply because they could not afford the lumber, the government whom has to pay the bill for unemployed construction

---

[1] Plaintiffs avers that at all times during this claim that the fuel cost was down because the travel during COVID-19 was at minimal.

[2] Plaintiffs speak of the actual timber buying and selling was stable at all times during the predatory price gouging by all Defendants therefore leaving no legitimate excuse to raise the cost of lumber.

workers whom are laid off as a result of Plaintiff not being able to afford the predatory pricing and gouging of lumber.

21. Plaintiff further avers that these gouging and predatory pricing upon the lumber market is controlled by the top 10 producers whom sells their goods through commerce and there by inflicting even more harm to Plaintiff during all times relevant to this complaint.  In fact, some of the Plaintiffs' are not able to pay mortgage notes for a new construction loan that has been taken prior to November 2020 because of the bad acts of these global lumber companies.

22. Plaintiff further contends that this practice is unfair to consumers and violates the Sherman AntiTrust Act section one and two, the Clayton Act, and others named in the preceding paragraphs.

23. Furthermore, upon information and belief Plaintiffs have knowledge that the profits of these Defendants has increased during all times relevant to the predatory price gouging during COVID-19 and that such acts violates Federal laws of conspiracy, racketeering, and price fixing laws.

24. Plaintiffs' further contend that the monopolization of these huge corporations, Defendants leave Plaintiffs with little to no choice of selecting an alternative to purchasing because these Defendant controls the lumber market and upon information and belief, each of these Defendants stock holders have seen an increase in their profit shares during all relevant times of COVID-19.

25. Additionally, Plaintiffs contend that like § 2 of the Sherman Act acting the predatory pricing as clearly shown by each of these Defendants has dangerous probability of causing the collapse and shut down of the housing market and closure of Plaintiffs businesses because the artificial raising of the lumber price must trickle down to the consumer/buyer of those homes which Plaintiffs David B. Turner Builders LLC and Timber Craft Homes LLC loses their pre-buyer due to the improper acts of the Defendants in the name of corporate greed. Plaintiffs' contend they cannot recoup losses of income that they have incurred as a result of the wrongful acts of all Defendants and the exercise of monopsony power by these Defendants is to this date still harming Plaintiffs businesses.

26. Plaintiffs further contend that upon information and belief Defendants have been negligent if not deliberate acting to monopolize and raise the prices of homes of which some of these companies has an interest in real estate which drives up the cost which provides even more profits for these bad actors and their share holders alike. Also, the use of unilateral pricing measures(at the same time)causes a possible collapse of the housing market and since these acts are being performed during COVID-19 it appears that these global companies are attempting to inflict harm to the United States economy because all eyes are currently on the medical COVID-19 disaster relief, but not Plaintiffs' they say that these companies are harming their ability to perform their respective duties and work to the tune of millions of dollars in damages.

## CAUSE OF ACTION

### COUNT ONE:

**Violation of the Sherman AntiTrust Act act including section 1and 2, violation of the Robert-Patman Act, Unfair Monopolization of the lumber market, joint monopolization, Conspiracy to monopolize in the lumber market, violation fo the Clayton Antitrust Act**

Plaintiffs repeats and re-alleges all paragraph and herein found in this complaint. Plaintiffs' federal claims of the Sherman AntiTrust Act including section one and two, the Clayton Antitrust Act, the Rober-Patman Act, the Unfair Monopolization and predatory pricing, as well as the Conspiracy Fraud to monopolize the lumber industry were all violated by Defendants and Defendants are liable for the harm caused as asserted hereto.

Plaintiffs contend that the actions of all Defendants were negligent, reckless, willful and showed a reckless disregard for Plaintiffs, the consumers as well as the U.S. Government whom also buys lumber for state and federal owned properties but whereby the predatory pricing caused tax dollars to be taking advantage of during the vulnerability of COVID-19.

### COUNT TWO: ALL CLAIMS LISTED IN THE ABOVE COUNT ONE AND STATE CLAIMS

(9) Plaintiffs repeat and re-allege all previous paragraphs, as if set forth fully herein, and in the complaint.

All Defendants are in violation of Plaintiffs STATE CLAIMS OF:  Predatory Pricing, Price Fixing, Conspiracy in price gouging, negligence in business regarding fair trading, negligent infliction of emotional distress, Business Interference, strict liability, Product Liability, and breach of Implied Contract and  those not numerated in this paragraph.

## COUNT THREE:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs repeat and re-allege all paragraphs as if set forth fully herein and in the complaint. Plaintiff avers that Defendants are liable for all of Plaintiff's damages as asserted hereto.

## DAMAGES

54.  The actions of all Defendants  were  reckless and negligent, wanton, negligent per se, showed a reckless disregard for Plaintiffs  United States rights to be free from Violation of the Sherman AntiTrust Act act including section 1and 2,   violation of the Robert-Patman Act, Unfair Monopolization of the lumber market, joint monopolization, Conspiracy to monopolize in the lumber market, violation fo the Clayton Antitrust Act, and State Claims of  Predatory Pricing, Price Fixing, Conspiracy in price gouging, negligence in business fair trading, negligent infliction of emotional distress, Business Interference, strict liability, Product Liability, and breach of Implied Contract.

55.   As a consequence of the foregoing misconduct of all Defendants,  Plaintiffs sustained pain and suffering, physical injury, excessive mental distress, depression,

insomnia, shock, fright, embarrassment, loss of earned income, economical loss of peaceable life without suffering, humiliation, embarrassment,Compensatory damages, consequential damages, attorney fees, cost of litigation, cost of experts, economic damages, medical payments, loss of income, actual damages, discretionary damages, excess damages, double damages, expectation damages, foreseeable damages, future damages, punitive damages and any other damages that are to be determined by a jury, against all Defendants;

As a consequence of the foregoing misconduct of these Defendants, Plaintiff has been damaged in an amount of the limits of this Court's jurisdiction.

## **RELIEF**

58. **WHEREFORE, each Plaintiff** respectfully pray for the following relief:

1. Enter an INJUNCTION to cause these market controlling Defendants to end their abuse of raising the cost of lumber for no other reason other than profits and greed.

2. Award all Plaintiffs with Punitive damages against all Defendants

and every claim as stated in the above paragraphs

3. Award each Plaintiff with Compensatory damages, consequential damages, attorney fees, cost of litigation, cost of experts, economic damages, medical payments, loss of income, actual damages, discretionary damages, excess damages, double damages,

expectation damages, foreseeable damages, future damages, any damages that are to be determined by a jury, against all Defendants;

4. Such injunctive relief as the Court deems necessary and proper against all Defendants;

5. Any other relief to which the Plaintiff as a citizen with protected civil rights as shown above may be entitled to but not listed above.

**RESPECTFULLY SUBMITTED this the 4th day of May, 2021**

**/s/ Abby Robinson esq. MSB(105157)**
**ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.**
**227 E. Pearl Street**
**Jackson, Mississippi 39201**
**Ph. 601-321-9343**
**Fax. 601-487-6326**
**Email: arobinsonlawfirm@yahoo.com**
**Secondary: abby@askabbylaw.org**

## CERTIFICATE OF SERVICE

I the undersigned, on this date May 4, 2021, do declare that I have filed the foregoing document with the Clerk of the Court of whom shall serve an electronic copy of the same filing with each party to this matter.

**Submitted May 4, 2021**
**/s/ Abby Robinson esq. MSB(105157)**
ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.
227 E. Pearl Street
Jackson, Mississippi 39201
Ph. 601-321-9343
Fax. 601-487-6326

Email: arobinsonlawfirm@yahoo.com
Secondary: abby@askabbylaw.org