UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID B. TURNER BUILDERS LLC, et al.                                    PLAINTIFFS

v.                                           CIVIL ACTION NO. 3:21-CV-309-KHJ-LGI

WEYERHAESER COMPANY, et al.                                            DEFENDANTS

ORDER

This action is before the Court on Defendants' Interfor Corporation ("Interfor"), West Fraser, Inc., ("West Fraser"), PotlatchDeltic Land & Lumber, LLC ("PotlatchDeltic"), and Canfor Corporation ("Canfor") (collectively "Defendants") Joint Motion to Dismiss [53] and Plaintiffs' David B. Turner Builders LLC and New England Construction LLC (collectively "Plaintiffs") Motion for Leave to File Sur-Rebuttal [77]. For the reasons stated below, the Court denies Defendants' motion without prejudice, allows Plaintiffs until December 3, 2021, to accomplish valid service of process and to file proof of valid service, and denies Plaintiffs' motion.

I.      Facts and Procedural History

On May 18, 2021, Plaintiffs filed their Amended Complaint, asserting multiple federal and state law claims against ten defendants, including Defendants. Pl.'s Amend. Compl. [3] at 1-2. Defendants allege Plaintiffs' attempted service by Federal Express, addressing the envelopes containing the summons and Amended Complaint to each corporate entity, was insufficient. Def.'s Memo in Support of Mot. to Dismiss [54] at 5. Defendants now move to dismiss the Amended Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). [53].

II.     Standard

A motion to dismiss under Rule 12(b)(5) turns on the legal sufficiency of the service of process. *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). When service of process is challenged, the party making service bears the burden of proving its validity. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 950 F.2d 1344, 1346 (5th Cir. 1992). So Plaintiffs bear the burden of proving that service of process was sufficient because Defendants challenge its validity. A district court enjoys broad discretion in determining whether to dismiss an action for ineffective service of process. *George v. U.S. Dep't of Lab.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

III.    Analysis

    a. Defendants' Joint Motion to Dismiss [53]

Defendants move to dismiss Plaintiffs' Amended Complaint because service of process was insufficient under Federal Rule of Civil Procedure 4(h)(1). *See* [54] at 6. Plaintiffs have not met their burden for two reasons. First, although Plaintiffs responded, they failed to address Defendants' motion to dismiss for insufficient process. *See* Pl.'s Resp. [69]. Second, Plaintiffs' proof of service as to all Defendants shows that they did not properly serve Defendants.

Rule 4(h)(1) prescribes methods for serving corporations, partnerships, or associations. Fed. R. Civ. P. 4(h)(1). A corporation must be served within "a judicial district of the United States" by (1) delivering a copy of the summons and complaint to an officer, managing agent or general agent, Fed. R. Civ. P. 4(h)(1)(B); (2) delivering the papers to an agent authorized by appointment or by law to receive

service of process, Fed. R. Civ. P. 4(h)(1)(B); or (3) serving process under state rules for serving corporations, in either the state where the federal court sits or in the state where service is made, Fed. R. Civ. P. 4(h)(1)(A). The last provision provides that a plaintiff may serve "in the manner prescribed by Rule 4(e)(1) for serving an individual." *Id.* This does not mean that a plaintiff can personally deliver the summons and complaint to the corporation, but this means that, much like service on individuals, a plaintiff can invoke state service rules for serving a corporation. *Id.*

Plaintiffs' attempted service of Defendants was ineffective under Rule 4(h)(1)(B) because the rule does not allow service by mail. *See id.* 4(e)(1) and 4(h)(1). But the Federal Rule provides that service of process may be made under the laws of the state where the district court is located, Mississippi, or the state where service is made, Georgia, Tennessee, Washington, and Alabama. *See id.* 4(h)(1)(A). So, if Plaintiffs served Defendants properly according to these states' service of process rules, service was proper here.

Mississippi's service of process rules, in general, allows a plaintiff to serve a corporation "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Miss. R. Civ. P. 4(d)(4). This can be carried out by mail in two ways. First, by mailing a copy of the summons, complaint, and "two copies of a notice and acknowledgement conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender" to the corporation's

officer, managing or general agent, or agent authorized by law or appointment to receive service of process. *Id.* 4(c)(3)(A). Second, by sending a copy of the summons and complaint "to a person outside this state" by certified mail, return receipt requested. *Id.* 4(c)(5).

Plaintiffs addressed all envelopes to the Defendant-corporations, rather than addressed to a person authorized to receive service on behalf of Defendants—either their registered agent, officer, or managing or general agent. *See* Summons Return Executed [8], [12], [13], [17]; *Flagstar Bank FSB v. Danos*, 46 So. 3d 298, 303 (Miss. 2010) (holding that if service is attempted under Rule 4(c)(3)(A), the mailing "must be properly addressed to the person authorized to receive process on behalf of the corporation and actually delivered to that address."). Service of process was therefore insufficient under the first method. Miss. R. Civ. P. 4(c)(3)(A).

And service was insufficient under the second method too because Plaintiffs did not send the summons and complaint by certified mail. Miss. R. Civ. P. 4(c)(5). Federal Express is not a sufficient substitute for certified mail. *See Fly Me, LLC v. Greer*, No. 1:04-cv-315, 2005 WL 1389004, at *2 (N.D. Miss. June 10, 2005) (finding that service of process via Federal Express overnight delivery service was not proper under Mississippi Rules of Civil Procedure 4(c)(5)). The Court now decides whether Plaintiffs' attempted service was proper under Georgia, Tennessee, Washington, or Alabama law.

First, Plaintiffs tried to serve Interfor by mailing the summons and complaint by Federal Express to its Georgia office. *See* [17] at 4. This was insufficient because

Georgia does not allow a plaintiff to serve a corporation by mail unless the "corporation has no registered agent or the agent cannot without reasonable diligence be served." Ga. Code Ann. § 14-2-504(a). Those circumstances do not apply here because, as Defendants correctly point out, Interfor has a registered agent in Georgia,[1] and Plaintiffs have not shown that the agent could not without reasonable diligence be served. And Plaintiffs addressed the mailing to the corporation and not the registered agent. *See* [17] at 4. Thus, Plaintiffs' service was insufficient under Georgia law.

Likewise, Plaintiffs' attempted service of West Fraser was insufficient under Tennessee rules. Tennessee prescribes that a corporation must be served by delivering a copy of the summons and complaint "to an officer or managing agent…, or to the chief agent in the county wherein the action is brought, or…to any other agent authorized by appointment or by law to receive service on behalf of the corporation." Tenn. R. Civ. P. 4.04(4). If service is by mail, a plaintiff must send, postage prepaid, a certified copy of the summons and complaint by registered return receipt or certified return receipt mail to the defendant. *Id.* 4.404(10). Further, the plaintiff must address the return receipt mail to the individual specified in Rule 4.04(4). *Id.* Plaintiffs have not followed the requirements for service by mail because they did not address the summons and complaint to one of the listed individuals

---

[1] Georgia Corporations Division, OFFICE OF THE GEORGIA SECRETARY OF STATE, https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=1821025&businessType=Foreign%20Profit%20Corporation&fromSearch=True.

and addressed the mailing to the corporation instead. *See* [12]. Service of process was therefore insufficient under Tennessee law.

Third, Plaintiffs' attempted service of PotlatchDeltic was also insufficient. Under Washington law, the primary method of service of a corporation is to deliver a copy of the summons to "the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier, or managing agent." Wash. Rev. Code Ann. § 4.28.080(9). The Washington Business Corporation Act separately provides that "a corporation's registered agent is the corporation's agent for service of process[.]" *Id.* § 23B.05.040. If the corporation does not have a registered agent or the agent cannot be served after reasonable diligence, a plaintiff may serve the corporation by registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the corporation at the corporation's principal office. *Id.* § 23.95.450(2). Plaintiffs have not shown that PotlatchDeltic does not have a registered agent for service of process, nor have they shown that the agent cannot be served after reasonable diligence. And Plaintiffs did not perfect service because they did not deliver the required papers to those individuals listed in the specific rule. *See* [13]. Thus, service was insufficient under Washington law.

Lastly, Plaintiffs' attempted service of Canfor was insufficient. In Alabama, for a plaintiff to serve a corporation by mail, he or she may either file a written

6

request with the clerk for service by certified mail or mail a copy of the process and complaint using the United States mail with instructions to forward, return receipt requested. Ala. R. Civ. P. 4(i)(2). When seeking to serve a corporation by certified mail under either method, Alabama rules direct that the addressee must be "an officer, … managing or general agent, or any agent authorized by appointment or by law to receive service of process." *Id.* 4(c)(6). Plaintiffs did not send a copy of the process and complaint by United States mail, instead using Federal Express, and did not address the mailing to any of the listed individuals required by Alabama rules. Service was therefore insufficient.

For these reasons, Plaintiffs' attempted service by mail was neither proper under the Federal Rules of Civil Procedure, nor proper under Mississippi, Georgia, Tennessee, or Alabama law. Because Plaintiffs did not perfect service, Defendants ask the Court to dismiss the Amended Complaint against Defendants. *See* [53]. When service has not been made within the time required, the Court "may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Court therefore finds it proper to deny the motion to dismiss without prejudice and allow Plaintiffs a second attempt to effectuate sufficient service of process upon Defendants.

    b.  Plaintiffs' Motion for Leave to File Sur-Rebuttal [77]

Plaintiffs also move for leave to file a sur-rebuttal to Defendants' reply to show that Defendants waived service of process. [77] at ¶ 7. The Court denies Plaintiffs' motion. Defendants' reply brief did not raise new arguments or offer new

evidence. Plaintiffs also raise matters in their sur-rebuttal they could have raised in their response. *See Trepagnier v. Alimak Hek, Inc.*, No. 3:16-cv-615-WHB-JCG, 2018 WL 8951204, at *2 (S.D. Miss. Sept. 12, 2018) (denying motion for leave to file sur-reply because plaintiff failed to show movant raised "new legal theories or attempt[ed] to present new evidence at the reply stage" (citation omitted)), *aff'd*, 784 F. App'x 195 (5th Cir. 2019). Even so, Plaintiffs' new information does not change the Court's decision because Defendants did not waive service as Plaintiffs claim. In fact, counsel for Interfor Corporation, West Fraser, Inc., and PotlatchDeltic emailed Plaintiffs' counsel that they considered service insufficient and offered to waive service. But Plaintiffs' counsel explicitly rejected these offers. [79-1,2,3,4]. Curiously, Plaintiffs attached to their motion Interfor Corporation, West Fraser, Inc., and PotlatchDeltic's offers to waive service but neglected to attach Plaintiffs' counsel's rejection of the offers. And Plaintiffs present no evidence that Canfor Corporation ever offered to waive service.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court denies Defendants' Motion to Dismiss [53] without prejudice, allows Plaintiffs until December 3, 2021, to accomplish valid service of process and to file proof of valid service, and denies Plaintiffs' Motion for Leave to File Sur-Rebuttal [77].

```
```

SO ORDERED AND ADJUDGED this the 2nd day of November, 2021.

                                                   s/ *Kristi H. Johnson*
                                                   UNITED STATES DISTRICT JUDGE

SO ORDERED AND ADJUDGED this the 2nd day of November, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE