UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID B. TURNER BUILDERS LLC, et al.                                PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:21-CV-309-KHJ-LGI

WEYERHAESER COMPANY, et al.                                         DEFENDANTS

ORDER

Before the Court is Defendant RSG Forest Products, Inc.'s ("RSG Forest") Motion to Dismiss [51]. For the following reasons, the Court denies the motion.

I.      Facts and Procedural History

Plaintiffs David B. Turner Builders LLC, and New England Construction LLC (collectively "Plaintiffs") operate construction companies that buy and use lumber to construct homes and buildings. Pl.'s Amend. Compl. [3] ¶ 13. In November 2020, Plaintiffs claim they noticed lumber prices had more than tripled the usual market price. *Id*. Plaintiffs allege the cost of lumber increased rapidly and without notice. *Id*. ¶ 14. They also allege that the top ten lumber manufacturers "conspired to increase lumber prices over 100 percent during the COVID-19 pandemic" and the winter storms. *Id*. ¶ 15.

Plaintiffs sued ten named defendants, including RSG Forest, for violating several federal and state law claims. Pl.'s Compl. [1]. Plaintiffs then amended their Complaint, alleging violation of the Sherman Act, the Clayton Act, and the Robinson-Patman Act. [3] at 10. They also allege several state law violations, such

as negligent and intentional infliction of emotional distress, negligence per se, fraudulent concealment, and misrepresentation. *Id.* at 10-11. Defendant RSG Forest now moves to dismiss the claims against it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). [51].

II. Standard

"The plaintiff bears the burden of establishing a district court's jurisdiction over a nonresident defendant who has filed a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction," but a plaintiff "need only make a prima facie case if a district court rules without an evidentiary hearing." *Thrash Aviation, Inc. v. Kelner Turbine, Inc.*, 72 F. Supp. 2d 709, 714 (S.D. Miss. 1999) (citation omitted); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citation omitted). The Court may determine jurisdictional issues "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Alfred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). Further, the Court must accept as true all allegations in the Amended Complaint and must resolve "all conflicts between the facts contained in the parties' affidavits and other documentation" in favor of the Plaintiffs. *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000).

III. Analysis

In cases arising under federal question jurisdiction, the exercise of personal jurisdiction over a non-resident defendant is determined by referring to the law of the state in which the court sits, unless otherwise provided by federal law. *Gardner*

*v. Clark*, 101 F. Supp. 2d 468, 474 (N.D. Miss. 2000). When, however, a federal statute provides for nationwide service of process, "the relevant inquiry is whether the defendant has had minimum contacts with the United States." *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1257 (5th Cir. 1994); *see also Fontenot v. Mullins Manu. Co.*, No. 95-31013, 1996 WL 255289, at *1 (5th Cir. May 1, 1996). Here, Plaintiffs claim that this matter is actionable under the Fourteenth Amendment of the United States Constitution, the Sherman Act, the Clayton Act, and the Robinson-Patman Act, invoking the Court's federal question jurisdiction. [3] at 10-11. The Clayton Act provides for nationwide service of process. *See Black v. Acme Markets, Inc.*, 564 F.2d 681, 683-84 (5th Cir. 1977). RSG Forest therefore needs only to have sufficient minimum contacts with the United States to satisfy due process. *Busch*, 11 F.3d at 683-84. RSG Forest is incorporated and has its principal place of business in Washington, and thus has sufficient minimum contacts with the United States. *See* [51-1] ¶ 5. Due process concerns and "traditional notions of fair play and substantial justice" are not violated by the Court's exercise of personal jurisdiction over RSG Forest. *Busch*, 11 F.3d at 683-84.

    IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, RSG Forest's Motion to Dismiss [51] is denied.

SO ORDERED AND ADJUDGED this the 10th day of December, 2021.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE