UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


DAVID B. TURNER BUILDERS LLC, et al.                    PLAINTIFFS

V.                              CIVIL ACTION NO.  3:21-CV-309-KHJ-LGI

WEYERHAEUSER COMPANY, et al.                          DEFENDANTS


ORDER

This matter is before the Court on Defendants GP Wood Products LLC

("Georgia Pacific"), Canfor Corporation ("Canfor"), Hampton Tree Farms, LLC

("Hampton"), Idaho Forest Group ("Idaho Forest"), Interfor Corporation ("Interfor"),

PotlatchDeltic Land & Lumber, LLC ("PotlatchDeltic"), RSG Forest Products, Inc.

("RSG Forest"), Sierra Pacific Industries ("Sierra Pacific"), West Fraser, Inc. ("West

Fraser"), and Weyerhaeuser Company's ("Weyerhaeuser") (collectively

"Defendants") Joint Motion to Dismiss [56]; and Defendant PotlatchDeltic's Motion

to Dismiss [88]. For the reasons below, the Court denies the motions without

prejudice. The Court will allow Plaintiffs 14 days to amend their Amended

Complaint to plead their best case.

I.      Facts and Procedural History

Plaintiffs David B. Turner Builders LLC and New England Construction LLC

(collectively "Plaintiffs") operate construction companies that buy and use lumber to

construct homes and buildings. Pl.'s Amend. Compl. [3] ¶ 13. Plaintiffs sued ten

defendants, alleging violation of several federal and state antitrust laws. Pl.'s Compl. [1]. Plaintiffs assert "the price of lumber had more than tripled the usual market price" in November 2020. [3] ¶ 14. Plaintiffs also claim "the top 10 manufacturers of lumber . . . conspired to increase lumber prices over 100 percent during the COVID-19 pandemic as well as the weather storms" that occurred during Plaintiffs' construction periods. *Id.* ¶ 15. Plaintiffs assert three counts: Count I alleges violations of Section 1 and 2 of the Sherman Act, Robinson-Patman Act, and the Clayton Act; Count II alleges various state law claims, including predatory pricing, price fixing, conspiracy in price gouging, negligence in business on fair trading, negligent infliction of emotional distress, negligence per se, fraudulent concealment, misrepresentation, business interference, strict liability, product liability, and breach of implied contract; and Count III alleges intentional infliction of emotional distress. *Id.* at 9-11. Defendants now move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [56].

## II.     Standard

In reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (alteration omitted)). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

III.   Analysis

a.   Federal Claims

Plaintiffs allege unfair monopolization, joint monopolization, and conspiracy to monopolize in violation of Section 1 and 2 of the Sherman Act, the Robinson-Patman Act, and the Clayton Act. *See* [3] at 10.

Section 1 of the Sherman Act prohibits contracts, combinations, and conspiracies which unreasonably restrain trade. 15 U.S.C. § 1. To establish a violation of Section 1, a "'plaintiff must prove (1) the existence of an agreement (2) which unreasonably restrains trade (3) to the damage of the plaintiff.'" *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 704 F.2d 787, 791 (5th Cir. 1983) (quoting *Abadir & Co. v. First Miss. Corp.*, 651 F.2d 422, 424 (5th Cir. 1981)).

Section 2 of the Sherman Act prohibits monopolization, attempts to monopolize, and conspiracies to monopolize. 15 U.S.C. § 2. The elements of a monopolization claim are "(1) possession of monopoly power in the relevant market; (2) willful acquisition or maintenance of that power; and (3) causal 'antitrust' injury." *Futurevision Cable Sys. of Wiggins, Inc. v. Multivision Cable TV Corp.*, 789

F. Supp. 760, 776 (S.D. Miss. 1992) (citations omitted). Further, to establish a conspiracy to monopolize claim, a plaintiff must prove "(1) the existence of a combination or conspiracy; (2) an overt act in furtherance of a conspiracy; (3) a substantial amount of commerce affected; and (4) specific intent to monopolize." *Id.* at 777.

Plaintiffs do not specify under which section of either the Clayton Act or the Robinson-Patman Act they bring their claims, so the Court cannot ascertain the applicable elements needed to state the claims.

Defendants move to dismiss Plaintiffs' federal antitrust claims because the amended complaint fails to allege sufficient facts to establish the elements of each of their claims. Def.'s Memo in Support of Joint Mot. to Dismiss [57] at 11. Plaintiffs insist that they have presented enough facts in the complaint and response, and so their "claims should be allowed to be presented before a jury for a final determination of facts" and Defendants' motion should be denied. Pl.'s Amend. Resp. in Opposition to Mot. to Dismiss [69] at 23. The Court disagrees.

The Supreme Court has instructed that the district courts "retain[] the power to insist upon some specificity in pleading before allowing a potentially massive [antitrust] controversy to proceed." *Associated Gen. Contractors, Inc. v. Ca. State Council of Carpenters*, 459 U.S. 519, 528 n. 17 (1983). "'[E]nough data must be pleaded so that each element of the alleged antitrust violation can be properly identified.'" *Futurevision*, 789 F. Supp. at 772 (citation omitted). "A general allegation of conspiracy, . . . without a statement of the facts constituting the

4

conspiracy, is a mere allegation of a legal conclusion and is inadequate of itself to state a cause of action." *Larry R. George Sales Co. v. Cool Attic Corp.*, 587 F.2d 266, 273 (5th Cir. 1979).

The Court finds that Plaintiffs' Amended Complaint contains no more than conclusory allegations that Defendants violated the federal antitrust laws. For example, Plaintiffs complain that Defendants "conspired to cause lumber prices to rise to artificially high levels as part of a scheme and plan to drive Plaintiffs to be unable to afford the lumber and thereby Plaintiffs could not keep their committed contracts with banks . . . ." [3] ¶ 19. This is far too general to withstand the present motions. *See Elliot v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989) ("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not conclusory allegations."). Likewise, Plaintiffs assert blanket statements that Defendants engaged in an alleged monopoly with no facts to support such allegation, or even a recitation of the elements. *See e.g.,* [3] ¶ ¶ 23. These conclusory statements are not enough to state a claim of monopolization in violation of the federal antitrust laws. As a result, Plaintiffs have failed to allege enough facts "to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements[.]" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    b.  State Claims

Defendants also move to dismiss Plaintiffs' state antitrust claims and their remaining state law claims. Plaintiffs have failed to meet the necessary requirements to state a claim for relief. They merely list the state law claims.

Plaintiffs' state law claims lack facial plausibility because the Court cannot draw any "reasonable inferences" that Defendants are liable for the misconduct alleged. Therefore, Plaintiffs' state law claims against Defendants also do not state a claim.

IV.    Conclusion

Even though Plaintiffs have not sought leave to amend their Amended Complaint, the Court will allow Plaintiffs 14 days to amend to present their best case. The Court has considered all arguments. Those not addressed would not have changed the outcome. For these reasons, Defendants' Motions to Dismiss [56] & [88] are denied without prejudice.

SO ORDERED AND ADJUDGED this the 10th day of December, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE